IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**EDWARD "EAGLE HEART" INGLETON,**

    **Plaintiff,**

vs.                                                            Case No. 4:03cv96-RH/WCS

**JAMES CROSBY and ALEX TAYLOR,**

    **Defendants.**

_____/


## THIRD REPORT AND RECOMMENDATION

The only claim remaining in this case following the Defendants' first summary judgment motion was Plaintiff's claim for the observance of four Native American Holy Days and observance of the four corresponding feasts. Doc. 44. Defendants filed a second motion for summary judgment, doc. 54, in which they asserted that Plaintiff's remaining claim was moot as the four holidays had been added to the Department's religious calendar. The motion stated that the four Native American Holy Days were scheduled as follows: Spring Equinox, March 21st, Summer Solstice, June 21st, Autumn Equinox, September 21st, and Winter Solstice, December 21st. *Id.* In response to that argument, Plaintiff argued that the claim was not moot, doc. 55,

because there were no guidelines for allowing the Holy Days.  Plaintiff urged that without altering the procedures in place for Native American religious practices, Procedure 503.001, Plaintiff would still not be able to observe the four Holidays.  *Id.*

The parties were directed to provide supplemental memoranda addressing the issue.  Doc. 57.  Defendants' supplement, doc. 58, shows that the four Holy Days and corresponding feasts were added to Procedure 503.001 and, thus, Defendants argue that any misconception that the Native American observances are not permitted by the Procedure is now moot.  *See also* doc. 57, exhibit Q.  Plaintiff continues to assert that the amended Procedure 503.001 does not provide guidelines for the sacred feasts and contends that there is still an on-going controversy.  Doc. 59.  Plaintiff maintains that this is a voluntary cessation which does not render Plaintiff's claim moot.  *Id.*

Plaintiff's claim as presented in the complaint, doc. 1, was that Procedure 503.001 did "not establish guidelines for" Native American inmates to have four sacred feasts and, thus, denied Plaintiff free exercise of his religion.  He also alleged a violation of the Equal Protection Clause.  It is not disputed that when Plaintiff filed this lawsuit, he wanted the opportunity to observe the four sacred feasts.  He was denied that opportunity through the grievance procedure because the Procedure did not permit it.[1] It is now undisputed that in the future, through the amendments to Procedure 503.001, Plaintiff will be able to celebrate the Holy Days as he requested.  Although the manner in which the feasts are or will be actually observed is not specified by the Procedure, Plaintiff's ability to celebrate the four Holy Days is secured in this administrative policy.

---

[1] Defendants argued that the Procedure did not prohibit the observances (even though a prohibition was expressed in a grievance), but that Plaintiff had not properly requested the observances.  Docs. 19, 43.  The argument was rejected.  Docs. 37, 44.

Case No. 4:03cv96-RH/WCS

The Procedure now specifically includes observances for the Spring and Fall Equinox, as well as the Summer and Winter Solstices, as part of the Guidelines for Native American Religious Observances. Thus it appears that Plaintiff has achieved that which he sought.

Article III, Section 2 of the United States Constitution limits the judicial power of the federal courts to "cases" and "controversies." Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004), cited in National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005), *also citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Where changes in the law or circumstances renders a case moot, the Article III case or controversy requirement is not met. National Advertising Co., 402 F.3d at 1332. "By its very nature, a moot suit "cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." Coral Springs, 371 F.3d at 1328 (internal citations omitted), *quoted in* 402 F.3d at 1332. This Court cannot enter a decision on the merits of a case where subsequent developments moot an issue because the opinion rendered would only be advisory. Coral Springs, 371 F.3d at 1328 (internal citations omitted), *quoted in* 402 F.3d at 1332; *see also* Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). Amendment or repeal of a law usually moots legal challenges to it. *See* National Advertising Co., 402 F.3d at 1333, n.5 for list of such cases.

A "mere voluntary termination of an allegedly illegal activity is not always sufficient to render a case moot and deprive the federal courts of jurisdiction to try the case." 402 F.3d at 1333; *see also* Jews for Jesus, Inc. v. Hillsborough Co. Aviation

Auth., 162 F.3d 627, 629 (11th Cir. 1998), *citing* County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).  "Otherwise, a party could moot a challenge to a practice simply by changing the practice during the course of a lawsuit, and then reinstate the practice as soon as the litigation was brought to a close."  Jews for Jesus, Inc., 162 F.3d at 629.  Thus, the Court must find that the allegedly wrongful behavior is not reasonably likely to recur.  402 F.3d at 1333-34.  However, "governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities."  402 F.3d at 1333, *quoting*, Coral Springs, 371 F.3d at 1328-29.

In this case, the amended Procedure is a policy of general applicability which must be followed by prison officials statewide.  There is no evidence that the Department of Corrections is likely to withdraw this Procedure after this case is over, and return to a policy of refusing to allow religious observances on these four Holy Days by Native American inmates.

Accordingly, there is no longer a live controversy between the parties.  The complaint should be dismissed for lack of subject matter jurisdiction.

Accordingly, it is **RECOMMENDED** that Defendants' second motion for summary judgment, doc. 54, as supplemented, doc. 58, be **DENIED**, but that Plaintiff's complaint, doc. 1, now be **DISMISSED** for lack of subject matter jurisdiction because the claim for observance of four Holy Days and four feasts is now **MOOT**.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2005.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**